IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON,   Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:17-CV-2746-M-BK |
| MOTTERAM #2345,   Defendant. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), this case has been referred to the undersigned for pretrial management and is now before the Court on Plaintiff's *Motion to Remand*, Doc. 7, and Defendant's *Motion to Dismiss for Failure to State a Claim*, Doc. 6. For the reasons explained herein, Plaintiff's Motion to Remand should be **DENIED** and Defendant's Motion to Dismiss should be **GRANTED**.

**I. BACKGROUND**

Plaintiff, filed his *pro se Original Petition* in state court, alleging that, in September 2017, Defendant, a City of Garland police officer, stopped him for a purported traffic violation. Doc. 1-5 at 2. According to the *Original Petition*, when Defendant asked to see Plaintiff's driver's license, Plaintiff explained that he did not have his wallet. Doc. 1-5 at 2. Defendant issued Plaintiff a citation, which Plaintiff signed "under duress" as a promise to appear in court. Doc. 1-5 at 2. Based on these events, Plaintiff asserts claims against Defendant for (1) false imprisonment, (2) abuse of process, (3) abuse of office, (4) abuse of official capacity, (5) denial of an examining trial before a magistrate, and (6) unlawful enforcement of the Texas Transportation Code. Doc. 1-5 at 2-7. He seeks, *inter alia*, monetary damages and a declaratory judgment that Defendant's actions constitute violations of the "1st, 4th, 5th, 6th, 8th, Article of

the Bill [o]f Rights, and the 14th [A]mendment to the [C]onstitution of the [U]nited [S]tates of America," and asks the Court to find that "Defendant's [a]buse of process did violate the Constitutional rights of Plaintiff." Doc. 1-5 at 8.

In October 2017, Defendant removed the action to this Court based on federal question jurisdiction. Doc. 1 at 2. Shortly after, Plaintiff filed a document titled "Counterclaim," in which he avers that Defendant's attorneys "use[d] sharp practices to remove a State case into Federal Court," and essentially restates the claims raised in his *Original Petition*. *See* Doc. 5.

On October 17, 2017, Defendant moved to dismiss the *Original Petition* ("First Motion to Dismiss"). Doc. 6. Nine days later, Plaintiff filed his *Motion to Remand,* Doc. 7, to which Defendant filed a response in opposition, Doc. 9. When Plaintiff failed to respond to the First Motion to Dismiss by the appropriate deadline, *see* N.D. Tex. L. Civ. R. 7.1 (establishing 21-day deadline to respond), the Court *sua sponte* extended the deadline to December 19, 2017. Doc. 10. However, Plaintiff still failed to respond. On December 26, 2017, Plaintiff instead filed his *First Amended Complaint*, Doc. 11, without first obtaining leave of court, after which, Defendant filed its *Motion to Dismiss and Motion for the Court's Abstention and Dismissal* ("Second Motion to Dismiss"), Doc. 12.

Plaintiff was not entitled to file his *First Amended Complaint* as a matter of course since more than 21 days had elapsed since Defendant filed its First Motion to Dismiss. FED. R. CIV. P. 15(a)(1). Instead, Plaintiff could only amend his *Original Petition* "with the opposing party's written consent or the court's leave," FED. R. CIV. P. 15(a)(2), but he obtained neither. Even if Plaintiff's *First Amended Complaint* were construed as an implied motion for leave to amend, *see e.g.*, *Jacuzzi, Inc. v. Franklin Elec. Co., Inc.*, No. 3:07-CV-1090-D, 2008 WL 2185209, at *4 (N.D .Tex. May 27, 2008) (Fitzwater, C.J.), it would fail, as the proposed amendments (as

2

discussed *infra*) are futile. *See Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (courts should consider, *inter alia*, "futility of amendment" when deciding whether to grant leave to amend).

Consequently, Plaintiff's *Original Petition* is treated herein as the operative Complaint.

## II. PLAINTIFF'S MOTION TO REMAND

The Court must first address Plaintiff's challenge to its subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (observing that a court must address its subject matter jurisdiction at the earliest possible stage since, without it, the case can proceed no further). In his one-paragraph motion, Plaintiff argues that remand is proper because he has alleged violations of his "rights as outlined in the Texas State Constitution," and not federal constitutional rights. Doc. 7 at 1. In response, Defendant argues that Plaintiff explicitly invoked the United States Constitution in his *Original Petition*. Doc. 9 at 2-3.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). When the district court has jurisdiction founded on a claim or right "arising under the Constitution, laws, or treaties of the United States," i.e., federal question jurisdiction, such a case shall be removable. 28 U.S.C. § 1331. Courts generally apply the well-pleaded complaint rule when determining whether federal question jurisdiction exists in a case. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-10 (1983). That rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

A federal question is indeed presented on the face of Plaintiff's *Original Petition*. As Defendant notes, Plaintiff explicitly seeks a declaratory judgment that Defendant's actions constitute violations of the "1st, 4th, 5th, 6th, 8th, Article of the Bill [o]f Rights, and the 14th [A]mendment to the [C]onstitution of the [U]nited [S]tates of America," and asks the Court to find that "Defendant's [a]buse of process did violate the Constitutional rights of Plaintiff." Doc. 1-5 at 8; *see Villegas v. El Paso Indep. Sch. Dist.*, No. 3:08-CV-234-KC, 2008 WL 5683481, at *3 (W.D. Tex. Sept. 3, 2008) ("It is enough that Plaintiff alleges violations of the Equal Protection Clause of the Constitution of the United States for jurisdiction to obtain.") (citing 28 U.S.C. § 1331). There is no indication that Plaintiff was, as he now contends, referring only to the Texas Constitution. Accordingly, Plaintiff's *Motion to Remand* should be **DENIED**.

### III. DEFENDANT'S MOTION TO DISMISS

**A.      Legal Standard**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

B.     Analysis

   1. False Imprisonment and Abuse of Process

Plaintiff charges Defendant with false imprisonment and abuse of process stemming from an illegal traffic stop.  Doc. 1-5 at 4-7.  Defendant argues that these are tort claims that should be dismissed under the Texas Tort Claims Act's ("TTCA") Election of Remedies provision.  Doc. 6 at 6-8.  Defendant is correct.

The TTCA's Election of Remedies provision provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter again the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.  On the employee's motion, the suit against the employees shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority."  TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5); *see also Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004) ("[P]ublic officials act within the scope of their authority if they are discharging the duties generally assigned to them.") (citation omitted).  All tort claims, including intentional torts, "could have been brought" against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the TTCA for those claims.  *Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011).

Here, Plaintiff clearly alleges claims arising from Defendant's initiation of a traffic stop.  Such conduct is undoubtedly the kind that Defendant, a police officer, is employed to perform.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5); *see, e.g.*, *Orr v. Copeland*, No. A-14-CV-212-

5

LY, 2015 WL 3901654, at *2 (W.D. Tex. June 23, 2015) (police officer's initiation of a traffic stop was within the scope of his employment), *adopted by* 2015 WL 13216862 (W.D. Tex. July 17, 2015). As such, Plaintiff's claims are based on conduct within the scope of Defendant's employment with the City. Moreover, Plaintiff's tort claims for false imprisonment and abuse of process "could have been brought under" the TTCA against the City. *Franka*, 332 S.W.3d at 385. Consequently, Plaintiff's suit is rightly considered to be against Defendant in his official capacity only. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

Therefore, Plaintiff had 30 days after Defendant filed his *First Motion to Dismiss* to file amended pleadings dismissing Defendant and naming the City as a defendant, but he failed to do so. *Id.* As a result of that failure, Plaintiff's tort claims against Defendant must be dismissed. *Id.*; *see Estate of Huff v. Abilene Police Dep't.*, No. 1:15-CV-001-P-BL, 2015 WL 5674886, at *4-5 (N.D. Tex. Sept. 24, 2015) (Frost, J.) (recommending dismissal of tort claim brought against officer in his official capacity under section 101.106(f) of the TTCA where plaintiffs failed to file amended pleadings dismissing the officer and naming the city as the defendant to their TTCA claim within the time prescribed by the statute), *adopted by* 2015 WL 6751118 (N.D. Tex. Nov. 5, 2015) (Solis, J.).

**2. Abuse of Office and Abuse of Official Capacity**

Plaintiff asserts claims for abuse of office and abuse of official capacity, Doc. 1-5 at 3. Both are criminal violations under the Texas Penal Code, *see* TEX. PEN. CODE ANN. §§ 39.01, 39.02, and, as Defendant correctly points out, "[t]he Texas Penal Code does not create a private cause of action for crime victims." Doc. 6 at 8-9; *Elizondo v. Nueces Cty., Tex.*, No. CC-07-405, 2008 WL 383809, at *3 (S.D. Tex. Feb. 8, 2008) (citing *Aguilar v. Chastain*, 923 S.W.2d 740,

745 (Tex. App.—Tyler 1996, pet. denied)). Thus, Plaintiff's claims for abuse of office and abuse of official capacity fail as a matter of law and should be dismissed.

### 3. Denial of an Examining Trial

Plaintiff also asserts claims premised on being denied the right to speak before a magistrate at an examining trial. Doc. 1-5 at 2-3. Defendant argues that any such claim should be dismissed because Plaintiff was only charged with a misdemeanor and thus had no right to an examining trial under Texas law. Doc. 6 at 3-4. Defendant again is correct. The crime for which Plaintiff was charged – driving without a license – is a misdemeanor. *See* TEX. TRANSP. CODE ANN. §§ 521.021, 521.025(c). Under Texas law, an examining trial is not required in misdemeanor cases. *See* TEX. CODE CRIM. P. ANN. art. 16.01 ("[t]he accused in any *felony* case shall have the right to an examining trial before indictment in the county having jurisdiction of the offense") (emphasis added); *Clark v. State*, 417 S.W.2d 402, 403 (Tex. Crim. App. 1967) ("We do not construe Art. 16.01 . . . as guaranteeing to an accused the right to an examining trial in a misdemeanor case."). Thus, Plaintiff's claims premised on his denial of an examining trial fail as a matter of law and should be dismissed.

### 4. Authorization to Enforce Texas Transportation Code

Lastly, Plaintiff argues that Defendant is not authorized to enforce the Texas Transportation Code. Doc. 1-5 at 4. Specifically, Plaintiff alleges that in response to his request from the Texas Department of Public Safety for the names of all officers "authorized to enforce the traffic laws as specified in the Texas Administrative Code 4.14," he was provided a list that did not include Defendant's name. Doc. 1-5 at 4; *see* Doc. 1-5 at 12-13. Defendant counters that he indeed is entitled to enforce the Transportation Code and that Plaintiff's reliance on section 4.14 is misplaced. Doc. 6 at 5-6. Defendant is right.

7

Section 4.14 states that "[c]ertain peace officers from an authorized municipality or county may be trained and certified to enforce the *federal* safety regulations[.]" 37 TEX. ADMIN. CODE § 4.14(a) (emphasis added).  Clearly then, Defendant's absence from the list has no bearing on whether he can enforce the *Texas* Transportation Code.  In fact, as a police officer, Defendant is authorized to do just that.  *See* TEX. CODE CRIM. P. ANN., art. 14.01(b) ("A peace officer may arrest an offender without a warrant for *any offense* committed in his presence or within his view.") (emphasis added); TEX. TRANSP. CODE ANN. § 543.001 ("Any peace officer may arrest without warrant a person found committing a violation of this subtitle."). Accordingly, Plaintiff's claims premised on Defendant's ostensible lack of authority to enforce the Texas Transportation Code should be dismissed.

**C.    Leave to Amend**

Ordinarily, a *pro se* litigant should be granted leave to amend his complaint prior to dismissal.  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam).  However, leave need not be granted if the court determines that the plaintiff has already pleaded his best case or if the proposed amendment would be futile.  *Id.*; *Stripling v. Jordan Prod. Co., L.L.C.*, 234 F.3d 863, 872-73 (5th Cir. 2000).

The claims asserted in Plaintiff's *Original Petition* are fatally flawed, and are not amenable to cure by amendment.  That said, as discussed *supra*, Plaintiff improperly filed his First Amended Complaint, Doc. 11, after Defendant filed its First Motion to Dismiss outlining the deficiencies in the *Original Petition*.  However, in his First Amended Complaint, Plaintiff essentially restates the defective claims and theories the Court now has found to be deficient, to-wit: he accuses Defendant of violating the Texas Penal Code, Doc. 11 at 2, and levies a variety of claims premised on the contention that Defendant is not authorized to enforce the Texas

Transportation Code, Doc. 11 *passim*. Thus, it appears that Plaintiff has already attempted to cure the deficiencies in his *Original Petition* through amendment, and simply failed to do so.

Under these circumstances, the Court concludes that Plaintiff has pleaded his best case and granting leave to amend would be futile and cause needless delay. *Brewster*, 587 F.3d at 767-68; *Stripling*, 234 F.3d at 872-73.

### IV. CONCLUSION

In light of the foregoing, Plaintiff's *Motion to Remand*, Doc. 7, should be **DENIED**; Defendant's *Motion to Dismiss for Failure to State a Claim*, Doc. 6, should be **GRANTED**. Moreover, Plaintiff's improperly filed *First Amended Complaint*, Doc. 11, should be construed as a motion for leave to amend complaint and **DENIED AS FUTILE**, and *Defendant's Motion to Dismiss and Motion for the Court's Abstention and Dismissal*, Doc. 12, should be **DENIED AS MOOT**. At end, all of Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on June 18, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE